UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MID-VOL COAL SALES, INC.,

    **Plaintiff,**

v.                          CIVIL ACTION No. 1:11-0985

BALLI STEEL PLC,

    **Defendant.**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court is defendant's motion for leave to amend its Answer and Counterclaim. (Doc. No. 70). In the motion to amend, Balli Steel PLC ("Balli") sought leave to add an additional party, Concept Mining, Inc.; a fraudulent inducement claim; and a tortious interference claim against ArcelorMittal S.A., alleged to be plaintiff Mid-Vol Coal Sales, Inc.'s ("Mid-Vol") parent company. Thereafter, by Notice of Partial Withdrawal of Motion for Leave to Amend, Balli informed the court that it was withdrawing the proposed amendments except for the fraudulent inducement claim against Mid-Vol. (Doc. No. 95).

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), the United States Supreme Court noted that

amendment under Rule 15(a) should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

However, "[o]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b) [of the Federal Rules of Civil Procedure].  If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) (citing Lone Star Transp. Corp. v. Lafarge Corp., Nos. 93-1505, 93-1506, 1994 WL 118475 (4th Cir. April 7, 1994)).

After a review of the record, it appears to the court that the defendant has shown good cause for amendment of its answer and counterclaim.  Likewise, the court concludes that there has been no undue delay, bad faith, or dilatory motive on the part of Balli in filing its motion to amend.  Furthermore, the court finds that Mid-Vol would not suffer undue prejudice by the filing of an amended answer and counterclaim.  Indeed, the only 15(a) factor really implicated, and the one on which Mid-Vol bases the majority of its opposition to the proposed amendment, is whether such an amendment would be futile.

The court cannot find that Balli's fraudulent inducement claim is futile.  Mid-Vol's opposition makes clear that its futility argument rests in large part upon factual disputes and how those disputes affect the merits of the parties' respective arguments. While the fraudulent inducement claim may ultimately be subject to dismissal or the entry of judgment in Mid-Vol's favor, it is not clear at this point in the proceeding that such a claim is futile.  See, e.g., Smithfield Foods, Inc. v. United Food & Commercial Workers Intern. Union, 254 F.R.D. 274, 280 (E.D. Va. 2008) ("Further, even where the possibility of relief is remote, leave to amend is to be permitted because it is the possibility of recovery, and not its likelihood, that guides this Court's analysis.").

 As to plaintiff's futility argument with respect to Balli's failure to obtain a certificate of authority from the West Virginia Secretary of State authorizing it to conduct business in West Virginia, that argument likewise fails.  While Mid-Vol insists that Balli is required to obtain a certificate, pursuant to West Virginia Code § 31D-15-1502(a), Balli counters that it was not required to obtain such a certificate for a number of reasons.  The court need not resolve the issue of whether Balli is required to obtain a certificate in order to proceed on its counterclaim because even if it is, the counterclaim would not be subject to dismissal.  Rather, the proper remedy would be to stay

the proceedings in order to allow Balli to obtain the requisite certificate.  See W. Va. Code § 31D-15-1502(c) ("A circuit court may stay a proceeding commenced by a foreign corporation, its successor or assignee until it determines whether the foreign corporation or its successor requires a certificate of authority. If it so determines, the circuit court may further stay the proceeding until the foreign corporation or its successor obtains the certificate."); see also Dieter Engineering Services, Inc. v. Parkland Development, Inc., 199 W. Va. 48, 55, 483 S.E.2d 48, 55 (1996) (holding fact that plaintiff did not obtain certificate of authority as foreign corporation until after action was commenced did not require dismissal of action).  Accordingly, the court cannot say that Balli's motion to amend is futile.

Based on the foregoing, defendant has established that it is entitled under Rules 15 and 16 to amend its answer and counterclaim.  Accordingly, the motion to amend is **GRANTED**. Balli is directed to file a copy of its amended answer and counterclaim within ten days of entry of this Memorandum Opinion and Order.  Furthermore, because of the court's ruling on the motion to amend, plaintiff's amended motion to dismiss the counterclaim (Doc. No. 58) is **DENIED** without prejudice. Plaintiff may renew its motion to dismiss once the amended counterclaim is filed by refiling the same motion or file a new motion responsive to the amended counterclaim if appropriate.

Likewise, Balli's motion to strike Mid-Vol's affirmative defenses (Doc. No. 26) is **DENIED** without prejudice.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 29th day of May, 2014.

ENTER:

David A. Faber
Senior United States District Judge